ROTHENBERG, J.
 

 MasTec, Inc., and MasTec North America, Inc. (collectively, “MasTec”) appeal from a final summary judgment entered in favor of Suncoast Underground, Inc., contending that genuine issues of material fact exist and summary judgment was premature. We agree. We therefore reverse and remand for further proceedings consistent with this opinion.
 

 Background
 

 The facts, viewed in the light most favorable to MasTec as the non-moving party, are as follows. MasTec and Suncoast entered into a contract requiring Suncoast to provide underground construction work as a subcontractor for MasTec, which had a contract with Florida Power & Light. The agreement included an indemnification clause providing that MasTec may offset any damages it incurs as a result of Sun-coast’s breach against any amount due to Suncoast.
 

 Pursuant to the agreement, MasTec requested Suncoast perform excavation work in the City of Cocoa. Under the Underground Facility Damage Prevention and Safety Act, chapter 556, Florida Statutes (2005), the excavation work required Sun-coast to report the work to Florida’s “One
 
 *707
 
 Call” hotline no less than two business days before any excavation and to provide the type and location of the excavation, along with the excavator’s contact information. The One Call system must notify area utility companies, which are required to mark their underground utility lines within two days, unless they do not have accurate information as to the lines’ location. Where lines are unmarked, the excavator may proceed after two business days but must do so with “reasonable care” using “detection equipment” pursuant to sections 556.105(5)(a) and 556.105(6)(a).
 

 Suncoast called the One Call hotline at 4:10 p.m. on Wednesday, January 4, 2006, and provided the location of its excavation and the name, phone number and email address for its representative. MasTec claims that the phone number provided by Suncoast was inaccurate. On January 6, the City’s representative responded to Suncoast’s hotline call with a “3P” response, indicating that the City did not have accurate information to mark its lines and was requesting that the excavator contact the City for further details. The notification to One Call was posted on the system’s website. At 7:17 a.m. on Monday, January 9, the One Call system sent an email to Suncoast notifying Suncoast of the City’s 3P response. Suncoast began excavating at 8 a.m. that same day, and at 1:45 p.m., it ruptured an unmarked water main.
 

 The City sent a letter to FPL disclaiming all liability and maintaining that Sun-coast was liable for more than $72,000 in repairs because it failed to answer the City’s 3P response. FPL informed Mas-Tec it was holding MasTec liable. Mas-Tec, in turn, notified Suncoast it was holding Suncoast liable and that it would withhold money from other projects covered by the parties’ agreement pursuant to the indemnity provision of their agreement. Suncoast sued to recover the payments owed, alleging that it complied with its statutory requirements and that the City is liable because it failed to timely mark the water line and notify Suncoast.
 
 [1]
 
 The trial court granted Suncoast final summary judgment on its breach of contract claims and rejected MasTec’s defenses and counterclaims with prejudice. This appeal followed.
 

 Analysis
 

 We review the entry of summary judgment de novo.
 
 Aguero v. First Am. Ins. Co.,
 
 927 So.2d 894, 897 (Fla. 3d DCA 2005). In awarding summary judgment to Sun-coast, the trial court found that the following facts were established without dispute: (1) the City failed to mark the damaged water line and timely notify Suncoast; and (2) Suncoast complied with its statutory obligations. Although we conclude that the trial court correctly determined that there were no genuine issues of material fact as to the first finding, we conclude that genuine issues of material fact remain as to the second finding, precluding summary judgment.
 

 Did the City Satisfy Its Statutory Obligations?
 

 The first issue we address is whether the City’s communications with the One Call system and Suncoast satisfied its statutory obligation to either mark the utilities or notify the appropriate person or entity that it was unable to do so within the statutory two-day period. Section 556.105(4)(b) requires the member operator (in this case, the City) to communicate with the person making the request (the excavator, Suncoast) if the member operator is unable to respond within two business days. Section 556.105(5)(a) provides:
 
 *708
 
 “If a member operator has not located and marked its underground facilities within the time allowed for marking,” then “the excavator may proceed with the excavation, provided the excavator does so with reasonable care, and provided, further, that detection equipment or other acceptable means to locate underground facilities are used.” It is undisputed that the City failed to timely communicate with Sun-coast, the “person making the request,” that it was unable to mark its underground facilities because it lacked sufficient information to do so.
 

 Although the City issued a 3P response to the One Call hotline within two days of the One Call notification of the expected excavation, it had an obligation to contact Suncoast directly. It is undisputed that the City’s January 9, notification to Sun-coast via email — that it was unable to mark the underground facilities — was untimely. MasTec argues that the City, however, has no liability because Suncoast allegedly did not comply with its statutory duty to provide Suncoast with accurate contact information. We are unpersuaded by this argument because, even if Suncoast provided the City with an inaccurate telephone number, it is undisputed that the email address Suncoast provided was accurate and the City only attempted to notify Suncoast by email after the time limitation specified by the statute had expired. We, therefore, conclude that the trial court correctly found that the City failed to mark the underground water line and to timely notify Suncoast. Thus, Suncoast was statutorily permitted to proceed with the excavation.
 

 Did Suncoast Comply with Its Statutory Duty?
 

 Pursuant to section 556.105(5)(a), when a member operator fails to mark an underground facility within the time limit or to notify the excavator that it needs more time, the excavator has an obligation to use reasonable care when proceeding with the excavation. Because the record does not adequately establish what precautions were taken by Suncoast to identify underground utilities during its excavation, we cannot say that Suncoast complied with its statutory obligations. Summary judgment, therefore, was prematurely granted. Accordingly, we reverse the trial court’s order granting summary judgment in favor of Suncoast and remand for further proceedings.
 

 MasTec’s Counterclaims
 

 We also conclude that the trial court erred in granting summary judgment as to MasTec’s counterclaims on the basis that MasTec has not yet incurred any loss because it has paid no damages. MasTec seeks indemnification under the agreement if Suncoast is found to be at fault and MasTec is required to pay damages. Furthermore, Suncoast concedes that the trial court applied the wrong version of section 725.06 when analyzing the contract’s indemnity provision and concluding that the provision is legally unenforceable.
 

 Piercing the Corporate Veil
 

 The trial court found that MasTec and MasTec North America “have blurred the distinction between the parent and subsidiary throughout their dealings with Suncoast” and “neither can avoid liability to Suncoast.” Because the issue of Mas-Tec’s corporate identity was never raised, pled, or argued by Suncoast, the trial court erred in concluding that Suncoast could pierce the corporate veil.
 

 Conclusion
 

 Although the City failed to satisfy its statutory obligation to timely mark the utilities or notify Suncoast that it needed additional information or time to do so, summary judgment was prematurely
 
 *709
 
 granted where Suncoast presented no evidence that it satisfied its statutory duty to use reasonable care when proceeding with the excavation. The trial court also erred in granting Suncoast summary judgment as to MasTec’s counterclaims and in piercing MasTec’s corporate veil where the issue was not raised, pled, or argued by Suncoast. Accordingly, we reverse the order under review and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 [1]
 

 . The City is not a party to this litigation.